UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L'OTTAVO RISTORANTE, DANIEL HARVEY and SYLVIA HIE, on behalf of themselves and all others similarly situated, | No. 2:09-cv-1945-MCE-EFB |
| Plaintiffs, | |
| v. | **ORDER** |
| INGOMAR PACKING COMPANY, LOS GATOS TOMATO PRODUCTS, INTRAMARK USA, INC., and RANDAL LEE RAHAL, | |
| Defendants. | |

----oo0oo----

This is a class action complaint instituted on behalf of indirect purchasers of processed tomato products, who allege that Defendants improperly engaged in price-fixing and other anti-competitive conduct in violation of antitrust laws.

1

Presently before the Court is Plaintiffs' Motion to Appoint Reese Richman, LLP, and Milberg, LLP, as Interim Co-Lead Counsel for the Indirect Purchaser Class, pursuant to the provisions of Federal Rule of Civil Procedure 23(g).[1]  A Statement of Non-Opposition was filed on behalf of both Defendants Ingomar Packing Company and Los Gatos Tomato Products.  No opposition has been submitted to Plaintiffs' Motion on behalf of the remaining Defendants to this matter.

Under Rule 23(g)(3), the Court may designate interim class counsel to represent the interests of the alleged class in initial proceedings, even before determining whether to certify the class as a whole.  Rule 23(g)(1) provides the following guidelines for the appointment of class counsel:

> "In appointing class counsel, the court:
> (A) must consider:
>   (i) the work counsel has done in identifying or investigating potential claims in the action;
>   (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>   (iii) counsel's knowledge of the applicable law; and
>   (iv) the resources that counsel will commit to representing the class;
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class..."

Fed. R. Civ. P. 23(g)(a)(A), (B).

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

1  The most common means of selecting class counsel is the
2  so-called "private ordering" approach, whereby involved counsel
3  jointly come to a representational consensus and submit their
4  recommendation in that regard to the court for approval.  <u>See</u>
5  <u>Manual for Complex Litigation</u> (Fourth) § 21.272, p. 279 (Fed.
6  Jud. Ctr. 2004).

7  Here, counsel for the Plaintiff class, Reese Richman, LLP,
8  and Milberg, LLP, have agreed to serve as interim co-lead
9  counsel.  According to the papers, both firms specialize in class
10 actions in the antitrust field, and both have partners with
11 extensive litigation experience in that field.  Both appear well
12 established and capable of providing quality representation to
13 Plaintiffs in this matter.  Plaintiffs' Motion for Appointment of
14 Interim Class Counsel (Docket No. 24) is accordingly GRANTED.[2]
15 The hearing on Plaintiffs' Motion, set for November 12, 2009, is
16 vacated.

17   IT IS SO ORDERED.

18  Dated: November 6, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing.  E.D. Local Rule 78-230(h).

3